UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAY 04 2005 ★
LONG ISLAND OFFICE

TIFFANY NAOMI CADELY,

Plaintiff,

-against-

COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, and OFFICER "JANE DOE,"

Defendants.
----------------------------------------------------------X

(SI)

COMPLAINT
JURY TRIAL DEMANDED

CV 05 2153

HURLEY, J.
ORENSTEIN, M.

NATURE OF ACTION AND JURISDICTION

1. This is a Civil Rights Action commenced by plaintiff, seeking compensatory and punitive damages resulting from her unconstitutional strip search. This action is brought pursuant to 42 U.S.C. §1983, to redress the violation by defendant, Officer "Jane Doe,"(whose true name is presently unknown to Plaintiff) a Police Officer employed by the Defendant County of Nassau, and the Defendant Nassau County Police Department, acting under color of state law, of plaintiff's rights guaranteed by the FOURTH Amendment to the Constitution of the United States.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343(3) and (4).

PARTIES

3. Plaintiff, Tiffany Naomi Cadely, was 18 years of age at the time of this occurrence and is a permanent resident of the Untied States, and is presently a resident of the County of Kings and State of New York.

4. Defendant, Officer "Jane Doe," was at all times a duly appointed Police Officer in

the Nassau County Police Department, and acting in the capacity of agent, servant and employee of the defendant, County of Nassau.

5. Defendant, Nassau County Police Department, is a municipal corporation organized by virtue of the laws of the State of New York.

6. Defendant, County of Nassau, is a political subdivision organized by virtue of the laws of the State of New York.

STATEMENT OF THE CLAIM

7. In the early morning hours of April 12, 2004, plaintiff accompanied her brothers to the gymnasium of St. Bonafice Church and watched as her brothers joined in a basketball game that was already in progress.

8. During the course of the game, plaintiff was seated on the bleachers and fell asleep while her brothers played ball.

9. Plaintiff was awakened when the police arrived.

10. Plaintiff witnessed and heard multiple police officers and sirens and police dogs barking.

11. Plaintiff was terrified by the police presence and overwhelmed by the sight of police dogs and officers with their guns drawn.

12. Plaintiff was apprehended by the officers, along with her brothers and several other individuals who had been playing basketball or watching the game, handcuffed and brought to the local Nassau County police precinct in Elmont, New York.

13. Upon arrival at the local precinct, plaintiff was separated from her brothers, handcuffed to a chair and treated in a degrading and humiliating manner by various other Police Officers whose names are unknown to plaintiff.

14. At the precinct, plaintiff was formally charged with Criminal Trespass in the third degree, a Class B misdemeanor.

15. Plaintiff had never before been arrested.

16. Plaintiff was unable to speak with her brothers or to her father when he arrived at the station.

17. While at the precinct, there came a time when Plaintiff requested to use the bathroom.

18. Plaintiff was escorted to the ladies room by Officer Jane Doe.

19. Before Plaintiff was allowed to use the facilities, she was subjected to a humiliating, illegal and improper strip search by Officer Jane Doe. The Officer directed Plaintiff to remove her clothing, piece by piece, and hand it to the Officer. Plaintiff was made to lift off her bra and shake it, exposing her breasts. Plaintiff was then made to pull down her underwear and shake it, exposing her genital area.

20. On May 26, 2004, the Trespass charge against plaintiff was adjourned in contemplation of dismissal.

21. The defendant Nassau County Police Department failed to adequately psychologically screen and test those persons applying for positions as police officers, failed to properly train and supervise said police officers, and specifically defendant Officer Jane Doe, failed to promulgate adequate rules and regulations to ensure that said police officers would properly exercise their authority and power in situations such as are involved in this case, and failed to properly review the conduct of the defendant or to discipline her so as to prevent the illegal and abusive conduct set forth herein.

22. As a direct consequence and proximate result of the acts of the defendants herein,

plaintiff has sustained and will continue to sustain severe psychological injuries, some of which are, upon information and belief, permanent in nature, including- humiliation, anxiety, sleeplessness and psychic trauma.

23. The actions of defendant Officer Jane Doe in subjecting the plaintiff to an illegal and improper strip search without probable cause and without any justification in law or in fact and the failure of defendant Nassau County Police Department and the County of Nassau to properly supervise, train and promulgate adequate rules and regulations directly resulted in the injuries suffered by Plaintiff in violation of her Fourth Amendment rights provided to her by the United States Constitution.

24. On June 24, 2004, a written Notice of Claim was duly served on the defendants Nassau County and the Nassau County Police Department pursuant to Section 50-e of the General Municipal Law.

25[. On December 21, 2004 Plaintiff's testimony was taken at a 50-H hearing conducted by defendants' attorney.

RELIEF SOUGHT

I. As against defendants, jointly and severally, on plaintiff's claim pursuant to 42 U.S.C. §1983, arising out of her having been subjected to an illegal and improper strip search:

A. Compensatory Damages in the sum of $500,000.00.

B. Punitive Damages in the sum of $500,000.00.

C. Reasonable counsel fees pursuant to 42 U.S.C. §1988, together with costs and disbursements.

II. For such other and further relief as to the Court may seem just and proper under the circumstances.

Dated: April 27, 2005
Woodbury, New York

**JENNIFER SPIRN (JS-9231)**
**SPIRN & SPIRN**
Attorney for Plaintiff
311 Crossways Park Drive
Woodbury, New York 11797